U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

NOV 19 2015

TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **ORIDA WASHINGTON** | DOCKET NO. 15-cv-2400; SEC. P |
| **VERSUS** | JUDGE DRELL |
| **BRENDA FRIELS** | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the Court is the civil rights complaint of Orida Washington, filed through counsel, *in forma pauperis,* and pursuant to 42 U.S.C. §1983. Plaintiff is currently housed at the Louisiana Transitional Center for Women, but she complains about the medical care provided when she was incarcerated at the Avoyelles Correctional Center. Plaintiff names as Defendant Lieutenant Brenda Friels.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Allegations*

Plaintiff alleges that, on January 13, 2014, she reported to the infirmary for an abscess or boil between her buttocks and was provided antibiotics. Defendant Brenda Friels approached Plaintiff and suggested placing a hot towel on the area to draw the infection out. [Doc. #1, p.2-3] Plaintiff refused, saying that it would not work. [Doc. #1, p.3] Plaintiff laid down on her stomach and fell asleep in the infirmary.

Lt. Friels left the infirmary and returned with a hot towel.

She woke Plaintiff and insisted that Plaintiff place the towel on her buttocks. [Doc. #1, p.3] Plaintiff "began screaming and crying with pain due to the burning" sensation. [Doc. #1, p.3] Plaintiff alleges that Friels refused to remove the towel and ordered another inmate to hold Plaintiff down while Friels held the hot towel on the infected area.

Plaintiff alleges that she was transferred to Huey P. Long medical center due to the burns sustained. She alleges that she had first and second degree burns that required two surgeries under general anesthesia.

Plaintiff alleges that she filed a grievance on April 14, 2014, but never received a response. Plaintiff alleges that, because there was no response from the DOC, she was able to file suit at the expiration of ninety days.

### *Law and Analysis*

#### *1. Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. §1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998)(per curiam). Additionally, because he is proceeding in forma pauperis, his complaint is also subject to screening under §1915(e)(2). Both §1915(e)(2)(B) and §1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is

frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

## 2. *Prescription*

Because there is no federal statute of limitations for actions brought pursuant to §1983, federal courts presiding over §1983 claims must borrow the statute of limitations provisions of the state in which the federal court sits. See Owens v. Okure, 488 U.S. 235, 236, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989) (citing Wilson, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985)); see also Elzy v. Roberson, 868 F.2d 793 (5th Cir. 1989); Rodriquez v. Holmes, 963 F.2d 799, 803 (5th Cir. 1992). Plaintiff's §1983 claim is therefore governed by Louisiana's statute of limitations provision for tort claims, which is one year. See Elzy, 868 F.2d at 794. This prescriptive period "commences to run from the day injury or damage is sustained." LA. CIV.CODE ANN. art. 3492. "Although state law controls the statute of limitations for §1983 claims, federal law determines when a cause of action accrues." Rodriquez, 963 F.2d at 803 (citing Brummet v. Camble, 946 F.2d 1178, 1184 (5th Cir. 1991)). Under the federal standard, a cause of action accrues when "the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." Id. (citing Helton v. Clements, 832 F.2d 332, 335 (5th Cir.1987)). Plaintiff had knowledge that she suffered an injury on the date of the incident, January 13, 2014. Suit was not filed until September

22, 2015, well over one year later.

A plaintiff is entitled to equitable tolling of his claims for the time spent ***properly exhausting*** those claims through the administrative remedy procedure. See <u>Clifford v. Gibbs</u>, 298 F.3d 328, 333 (5th Cir. 2002). It does not appear that Plaintiff properly exhausted. However, even if she had, her case would be time-barred.

In Louisiana, the regulations governing administrative remedies for prisoners in the custody of the LDOC provide time limits for filing and responding to grievances. See 22 LA ADC Pt. I, §325(LAC 22:I.325). According to the Rules, the first step of the grievance procedure is filed with the warden, who should respond within forty days from the date the request is received. Plaintiff filed her grievance on April 14, 2014, and alleges that she did not receive a response. After the expiration of the forty days, Plaintiff should have continued to the second step and sought relief through the DOC secretary. <u>See</u> 22 La. Admin. Code Pt I, 325(J)(1)(b). Plaintiff does not allege that she filed the second step with the secretary. If she had, the secretary would have had forty-five days within which to respond.

Ultimately, the rules provide that ***no more than ninety (90) days from the initiation to the completion of the grievance process shall elapse.*** 22 La.Admin.Code Pt I, 325(J)(1)(c). Thus, even if Plaintiff were entitled to equitable tolling, it would be, at most, ninety days from approximately April 14, 2014, or until

approximately July 14, 2014. Plaintiff would then have had one year from that date within which to file suit. Plaintiff did not file the instant civil rights action until September 22, 2015. Thus, Plaintiff's complaint is prescribed.

### Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED** and **DISMISSED WITH PREJUDICE** under 28 U.S.C. §1915(e)(2)(B) and 1915A.

### Objections

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS**

**ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this ___19th___ day of November, 2015.

```
                              _____
                              JAMES D. KIRK
                              UNITED STATES MAGISTRATE JUDGE
```