U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JAN 14 2016

TONY R. MOORE CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ORIDA WASHINGTON | DOCKET NO. 15-cv-2400; SEC. P |
| VERSUS | JUDGE TRIMBLE |
| BRENDA FRIELS | MAGISTRATE JUDGE PEREZ-MONTES |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

Before the Court is the civil rights complaint of Orida Washington, filed *in forma pauperis* and pursuant to 42 U.S.C. § 1983. Plaintiff complains that she was subjected to excessive force by Lieutenant Brenda Friels while incarcerated at the Avoyelles Correctional Center.

This matter has been referred to the undersigned for a supplemental report and recommendation. (Doc. 12).

### *Factual Allegations*

In her complaint, Plaintiff alleged that she reported to the infirmary on January 13, 2014, for an abscess or boil between her buttocks. She was prescribed antibiotics. Lt. Friels approached Plaintiff and suggested placing a hot towel on the abscess to draw the infection out. (Doc. 1, p.2-3). Plaintiff refused, saying that it would not work. (Doc. 1, p.3). Plaintiff laid down on her stomach and fell asleep in the infirmary. (Doc. 1, p.3).

Lt. Friels left the infirmary and returned with a hot towel. She woke Plaintiff and insisted that Plaintiff place the towel on her buttocks. (Doc. 1, p.3). Plaintiff "began screaming and crying with pain due to the burning" sensation. (Doc. 1, p.3). Plaintiff

alleged that Lt. Friels refused to remove the towel. Another inmate was ordered to hold Plaintiff down while Lt. Friels held the hot towel on the infected area. Plaintiff alleged that she was transferred to Huey P. Long medical center due to first and second degree burns caused by the hot towel. (Doc. 1).

Plaintiff alleged that she filed a grievance on April 14, 2014, but never received a response. Plaintiff acknowledged that, because there was no response from the DOC, she was able to file suit at the expiration of ninety days from the date the grievance was filed. (Doc. 1, p.1).

## Law and Analysis

### 1. Screening

At the time of filing, Plaintiff was a prisoner in the custody of the Louisiana Department of Corrections. Plaintiff has been allowed to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998)(per curiam). Additionally, because she is proceeding in forma pauperis, Plaintiff's complaint is subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

relief against a defendant who is immune from such relief.

### 2. *Prescription*

Because there is no federal statute of limitations for actions brought pursuant to § 1983, federal courts presiding over § 1983 claims must borrow the statute of limitations provisions of the state in which the federal court sits. See Owens v. Okure, 488 U.S. 235, 236 (1989); see also Elzy v. Roberson, 868 F.2d 793 (5th Cir. 1989); Rodriquez v. Holmes, 963 F.2d 799, 803 (5th Cir. 1992). Plaintiff's § 1983 claim is therefore governed by Louisiana's statute of limitations provision for tort claims, which is one year. See Elzy, 868 F.2d at 794. This prescriptive period "commences to run from the day injury or damage is sustained." La. Civ. Code. art. 3492.

"Although state law controls the statute of limitations for § 1983 claims, federal law determines when a cause of action accrues." Rodriquez, 963 F.2d at 803 (citing Brummet v. Camble, 946 F.2d 1178, 1184 (5th Cir. 1991)). Under the federal standard, a cause of action accrues when "the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." Id. (citing Helton v. Clements, 832 F.2d 332, 335 (5th Cir. 1987)). Plaintiff had knowledge that she suffered an injury on the date of the incident, January 13, 2014. Suit was not filed until September 22, 2015, well over one year later. Thus, the suit is prescribed on its face.

3

A plaintiff is entitled to equitable tolling of her claims for the time spent properly exhausting those claims through the administrative remedy procedure. See Clifford v. Gibbs, 298 F.3d 328, 333 (5th Cir. 2002). Plaintiff did not properly exhaust her claim. Even if she had properly exhausted, the complaint would be time-barred.

In Louisiana, the regulations governing administrative remedies for prisoners in the custody of the Louisiana Department of Corrections provide time limits for filing and responding to grievances. See 22 La. Admin. Code tit. 22, pt. I, § 325. The first step of the grievance procedure is filed with the warden, who should respond within 40 days from the date the request is received.

Plaintiff filed her grievance on April 14, 2014, but she did not receive a response from the warden. The expiration of the warden's time for responding entitled Plaintiff to move on to the next step in the process. See id. at §325(J)(1)(c). Thus, to properly exhaust, Plaintiff should have continued to the second step after the expiration of 40 days by seeking relief from the secretary of the Department of Corrections. See 22 La. Admin. Code tit. 22, pt. I, § 325(J)(1)(b). Plaintiff did not proceed to the second step. If she had, the secretary would have had forty-five days within which to respond to the appeal.

The rules provide that no more than ninety (90) days from the

initiation to the completion of the grievance process shall elapse. See 22 La. Admin. Code tit. 22, §325(J)(1)(c). As Plaintiff acknowledged in her complaint, because there was no response from the DOC, **she was able to file suit at the expiration of ninety days from the date the grievance was filed, on or about July 14, 2014.** (Doc. 1, p.1). A prisoner's administrative remedies are deemed exhausted when a valid grievance has been filed and the state's time for responding thereto has expired. See Powe v. Ennis, 177 F.3d 393, 394 (5th Cir. 1999). Once Plaintiff became legally capable of bringing an action to enforce her rights, prescription resumed. See La. Civ. Code art. 3472.

Therefore, even if Plaintiff had properly exhausted, thereby entitling her to equitable tolling, the prescriptive period would only be tolled for ninety days from April 14, 2014, the day she filed her grievance. The prescriptive period would not have been tolled indefinitely as Plaintiff implies in her objection to the report and recommendation. With the benefit of equitable tolling for ninety days, Plaintiff would have had until July 14, 2015, to file suit. Plaintiff did not file her complaint until September 22, 2015. Thus, Plaintiff's complaint is prescribed – with or without the benefit of equitable tolling.

In her objection to the report and recommendation, Plaintiff argued that her complaint should not be dismissed because she is proceeding *in forma pauperis* and she states a claim for which

relief can be granted. She also claimed that her complaint should not be dismissed for failure to exhaust administrative remedies.

Dismissal was not recommended based upon a failure to exhaust administrative remedies. A determination of whether Plaintiff properly exhausted was made because the complaint was prescribed on its face, and proper exhaustion is necessary to be entitled to equitable tolling. See Clifford, 298 F.3d at 333.

It is well-settled that the district court is authorized to dismiss a complaint filed *in forma pauperis* if it is clear from the face of a complaint that the claims asserted are barred by the applicable statute of limitations. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994); Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993). A district court may raise the limitations period sua sponte. See Harris v. Hegmann, 198 F.3d 153 (5th Cir. 1999).

It is clear from the face of Plaintiff's complaint that her claims are barred by the applicable limitations period, as the incident occurred on April 14, 2014, and suit was filed September 22, 2015. It is also evident that Plaintiff is not entitled to equitable tolling because she did not properly exhaust. Finally, even if Plaintiff had been entitled to equitable tolling, her complaint would still be prescribed because it was not filed within one year of the date her administrative remedies were deemed exhausted.

*Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED** and **DISMISSED WITH PREJUDICE** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

*Objections*

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 14th day of January, 2016.

_____
Hon. Joseph H.L. Perez-Montes
United States Magistrate Judge