RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
ALEXANDRIA, LOUISIANA
DATE 3/31/16
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| ORDIA WASHINGTON | CIVIL ACTION NO. 1:15-02400 |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| BRENDA FRIELS | MAG. JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

On November 19, 2015, Magistrate Judge James Kirk issued a Report and Recommendation wherein he recommended that plaintiff's complaint be denied and dismissed with prejudice.[1] The basis for dismissal was that plaintiff's claims were prescribed. The Report noted that because plaintiff was proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915 (e)(2) and furthermore that § 1915 (e)(2)(B) and § 1915A (b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the court found it to be frivolous or malicious, or it failed to state a claim upon which relief may be granted, or it sought monetary relief against a defendant who was immune from such relief.

The Report then addressed the specific issue of prescription correctly noting that Louisiana's one year statute of limitations applies to this tort action which began accrual at the time of plaintiff's alleged injury—January 13, 2014. Next, the Report stated that it appeared that plaintiff had not properly exhausted her claim and even if she had, her case would be time-barred relying on Louisiana state law's one year prescriptive period for torts and the time limitations for the Administrative Remedy Procedure ("ARP") set forth in Title 22 Louisiana Administrative Code,

---

[1] R. #7.

1

Part I, § 325. According to this procedure, there are two steps involved in exhausting one's administrative remedy. Step One requires the inmate/grievant to file a grievance with the Warden who should respond within forty days from the date the request is received. Plaintiff complied with Step one by filing a grievance on April 14, 2014. However, the Warden never responded to the filed grievance. Plaintiff did not allege that she proceeded to Step Two which requires a grievant who is dissatisfied with the first step response to appeal to the Secretary of the Department of Public Safety and Corrections.[2] Specifically Louisiana Administrative Code 22:I.325(J)(1)(b) provides as follows:

> (i) An offender who is dissatisfied with the first step response may appeal to the secretary of the Department of Public Safety and Corrections by so indicating that he is not satisfied in the appropriate space on the response form and forwarding it to the ARP screening officer within five days of receipt of the decision.
>
> (ii) A final decision will be made by the secretary or designee and the offender shall be sent a response within 45 days from the date the request is received at the second step utilizing the second step response.
>
> (iii) A copy of the secretary's decision shall be sent to the warden.
>
> (iv) If an offender is not satisfied with the second step response, he may file suit in district court. The offender must furnish the administrative remedy procedure number on the court documents.

---

[2] La. Admin. Code 22:I.325(J)(1)(a)(iii) and (J)(1)(b)(i).

The Magistrate Judge determined that plaintiff should have continued to the second step and sought relief through the DOC secretary and that if she had, the secretary would have had forty-five days to respond. Louisiana Administrative Code Part I, § 325 (J)(1)(c) provides as follows:

> Deadlines and Time Limits. No more than 90 days from the initiation to completion of the process shall elapse, unless an extension has been granted. Absent such an extension, expiration of response time limits shall entitle the offender to move on to the next step in the process.

The Magistrate Judge determined that even if plaintiff was entitled to equitable tolling, it would be at most, ninety days from approximately April 14, 2014 or until approximately July 14, 2014 after which plaintiff would have one year within which to file suit. Because plaintiff filed the instant suit on September 22, 2015, the Magistrate Judge concluded that plaintiff's action was prescribed.

Plaintiff objected to the Report on two grounds. First, plaintiff argues that the court's recommended dismissal is not consistent with 28 U.S.C. § 1915. Plaintiff contends that the Magistrate Judge did not find that her complaint failed to state a claim, thus it could not be dismissed pursuant 1915(e)(2)(B)(ii). Plaintiff argues that prescription is an affirmative defense which must be affirmatively pled, and the court cannot *sua sponte* dismiss plaintiff's claim based on this defense.

Second, plaintiff objected to the court's ultimate finding that plaintiff's claim is prescribed, and maintains that plaintiff's claims are suspended and/or subject to equitable tolling

3

because plaintiff never received a response to Step One of the ARP. Plaintiff relies on Louisiana Revised Statute 15:1172 which is as follows:

> A. Upon adoption of the administrative remedy procedure, in accordance with the Administrative Procedure Act, and the implementation of the procedure within the department or by the sheriff, this procedure shall constitute the administrative remedies available to offenders for the purpose of preserving any cause of action they may claim to have against the state of Louisiana, the Department of Public Safety and Corrections, or its employees, the contractor operating a private prison facility or any of its employees, shareholders, directors, or officers, or a sheriff, or his employees or deputies. Any administrative remedy procedure in effect on January 1, 2001, including the procedure published in LAC 22:I.325, is deemed to be in compliance with the provisions of this Section.
>
> B. (1) An offender shall initiate his administrative remedies for a delictual action for injury or damages within ninety days from the day the injury or damage is sustained.
>
> (2) The department is authorized to establish deadlines for an offender to initiate administrative remedies for any nondelictual claims.
>
> (3) The department is authorized to establish deadlines for the procedures and processes contained in the administrative remedy procedure provided in LAC 22:I325.
>
> \*\*\*
>
> E. Liberative prescription for any delictual action for injury or damages arising out of the claims asserted by a prisoner in any complaint or grievance in the administrative remedy procedure **shall be suspended upon the filing of such complaint or grievance and shall continue to be suspended until the final agency decision is delivered.(emphasis added)**

Shortly after the Report and Recommendation was issued, Magistrate Judge Kirk retired and newly appointed Magistrate Judge Perez-Montes was assigned the instant lawsuit. Noting

4

plaintiff's objections, the undersigned ordered that the Magistrate Judge issue a supplemental report and recommendation to address plaintiff's objections.[3] Magistrate Judge Perez-Montes rendered his supplemental Report and Recommendation on January 14, 2016;[4] he also recommended that plaintiff's complaint be dismissed because it was prescribed. Again, plaintiff filed an objection to Magistrate Perez-Montes' Report raising the same concerns.

The undersigned has carefully reviewed the reports and objections. As to the issue of dismissing plaintiff's complaint *sua sponte* pursuant to 28 U.S.C. § 1915 for failure to state a claim, I find that both Magistrate Kirk and Magistrate Perez-Montes' reports to be entirely correct and in accordance with Fifth Circuit jurisprudence. In Gartrell v. Gaylor, et al,[5] the court made the following relevant analysis:

> 28 U.S.C. § 1915(d) authorizes a federal court to dismiss a claim filed *in forma pauperis* "if satisfied that the action is frivolous or malicious." Under this statute, an action is frivolous if it "lacks an arguable basis either in law or in fact." The statute thus accords judges the authority to dismiss a claim based on "an indisputably meritless legal theory" or "whose factual contentions are clearly baseless. . . ."

> Although the defense of limitations is an affirmative defense, which usually must be raised by the defendants in the district court, this court has held that the district court may raise the defense *sua sponte* in an action proceeding under 28 U.S.C. § 1915. Thus, where it is clear from the face of a complaint that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed pursuant to § 1915(d).

---

[3] R. #12 dated January 6, 2016.
[4] R. #13.
[5] 981 F.2d 254 (5th Cir. 1993)(citations omitted).

5

Thus, I find that it is proper to dismiss a complaint *sua sponte* when it is clear on the face of the complaint that it is prescribed.

As to the issue of tolling and prescription, I find both reports to be more problematic. Both reports rely on Louisiana Administrate Code title 22, § 325(J)(1)(c) which provides the 90 day grievance period; both reports concluded that plaintiff's administrative remedies were exhausted when her grievance was filed and the state's time (90 days total) for responding had expired.[6] Neither report addresses Louisiana Revised Statute 15:1172 and the provision that expressly states that a prisoner's delictual actions are suspended until the final agency decision is delivered.

Based on this statute, the undersigned will not adopt the Reports of the Magistrate Judges in finding that plaintiff's claims are prescribed. The statute clearly states that a prisoner's claims continue to be suspended until a final agency decision is delivered. Thus, the prescriptive period was equitably tolled. To buttress this finding, as plaintiff notes, at the Second Step of the ARP, a plaintiff who is dissatisfied with the Step One response is required to indicate on the Step One response form in the appropriate space, his dissatisfaction and forward same to the ARP screening officer. Plaintiff received no Step One response form that would permit her to indicate her dissatisfaction, and therefor there was nothing from which to appeal to the secretary of the Department of Public Safety and Corrections.

---

[6] Magistrate Perez-Montes relies on Powe v. Ennis, 177 F.3d 393, 394 (5th Cir. 1999)(a prisoner's administrative remedies are deemed exhausted when a valid grievance has been filed and the state's time for responding thereto has expired) However, this Texas case is not applicable because the basis of my finding is the express language of Louisiana Administrative Code Part I, § 325(J)(1)(c).

6

In accordance with the above, it is

**ORDERED** that the Report and Recommendations of the Magistrate Judges are hereby rejected and the matter is remanded to Magistrate Judge Perez-Montes for further proceedings consistent with this opinion.

**THUS DONE AND SIGNED** in chambers on this 31st day of March, 2016.

*[signature]*
**JUDGE JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE**